IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| LESLIE LYLES, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 3:15-cv-00359-JJV |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner, Social Security | * | |
| Administration, | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Leslie Lyles, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence

In support of her Complaint, Plaintiff argues the ALJ erred by not considering the opinion of her treating doctor and failed in determining her mental impairments were not "severe."  (Doc. No. 11 at 28-31.)

Plaintiff bore the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and she has not met this burden.  "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff is correct that her treating doctors should be given great deference.  And the notes from Brannon Treece, M.D., should ordinarily be given close consideration.  Here, the ALJ did not even address Dr. Treece's conclusion that Plaintiff cannot work "because of her lack of processing skills an[d] inability to handle her temper." (Tr. 800)  Dr. Treece also opined that Plaintiff could not be left alone with her finances and could not be trusted to "take full care of herself." *Id.*  While it is troubling that the ALJ failed to even address Dr. Treece's statements, I fail to find this to be reversible error.  I make this conclusion because Dr. Treece's conclusions are not at all supported by the record.  There is ample medical evidence to support the ALJ's conclusion.  The reports and treatment notes from Samuel Hester, Ph.D.; Ken Web, M.S.; Melissa Weitekamm, M.S.; Sheri

Simon, Ph.D.; and Jerry Henderson, Ph.D., all provide substantial evidence to support the ALJ's conclusion.

Moreover, Plaintiff's activities of daily living fully support a conclusion that Plaintiff's mental impairments are not "severe" and she is capable of working. Plaintiff was engaged in part-time work and goes to college full time. (Tr. 56, 60) She reported an active lifestyle, including going out to eat with friends, going to a friend's house for a boat ride and "hang out," and going to Memphis with friends to eat and "hang out." (Tr. 710) She also volunteered, was active with church, performed household chores, and engaged in many social activities. (Tr. 711)

Plaintiff is a very young lady and is commended for moving forward from a traumatic injury. She appears fully capable of participating in the workforce. She is on her way to college degree and appears to be motivated for success. Realizing this opinion is not in her favor, it is my hope she will continue on this positive path and will pursue a career she finds rewarding.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this <u>11th</u> day of April, 2016.

                                                                                                               _____

                                                                                                               JOE J. VOLPE
                                                                                                               UNITED STATES MAGISTRATE JUDGE